IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-10371

Summary Calendar

RILEY RIVERA,

Plaintiff-Appellant,

versus

RANDY McLEOD, Warden, Texas Department of
Criminal Justice; DR. REVELL, Clements Unit,
Texas Department of Criminal Justice; CLEMENTS
UNIT MEDICAL STAFF; DENNIS L. SANDERS, Ind.
and in his Official Capacity; REED SMITH, Ind.
and in his Official Capacity; JAMES
RICHARDSON, Ind. and in his Official Capacity;
MR. PHILLIPS, Ind. and in his Official
Capacity; GERALD W. DAVID, Ind. and in his
Official Capacity; MR. BIRDWELL, Ind. and in
his Official Capacity; CAPTAIN LAWSON; MAJOR
LOONEY, Ind. and in his Official Capacity;
MRS. SANDERS, Ind. and in her Official
Capacity; TINA CARMONA, Ind. and in her
Official Capacity; MRS. JACOBS, Ind. and in
her Official Capacity a/k/a Mrs. Jacobson;
DAVIS, Sgt; JANE DOE, Nurse,
Nurse/Receptionist; JANE DOE, Nurse, Rounds
Nurse,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
2:92-CV-319

February 21, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Riley Rivera brought this suit under 42 U.S.C. § 1983 on the theory that prison officials violated his Eighth and Fourteenth Amendment rights through their deliberate indifference to his medical needs. The parties consented to trial before a United States Magistrate Judge, who dismissed all defendants. Rivera appeals only the summary judgments granted in favor of Jacobs, Revell, Richardson, the two "Jane Doe" defendants, and the Clements Unit Medical Staff in general. We find no error and affirm.

Rivera has failed to present evidence to support his claim that any of the defendants had actual knowledge of an excessive risk to his health and disregarded that risk. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994); Hare v. City of Corinth, 74 F.3d 633, 647 (5th Cir. 1996). The record reflects that if his physicians and nurses acted improperly, their lapses were nothing more than negligence.

The lower court similarly did not err when it denied Rivera's motions for appointment of counsel. The decision of whether to appoint counsel in a civil case is within the discretion of the trial court. Jackson v. Dallas Police Dept., 811 F.2d 260, 261 (5th Cir. 1986). The court did not abuse its discretion when it concluded that Rivera was capable of setting forth his own case and that the case was not sufficiently complex and did not demand the sort of adversarial skill that comes with a lawyer's training. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED.